United States District Court
Southern District of Texas
**ENTERED**
November 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RICHARD P. MEITZLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:24-CV-00033 |
| | § | |
| ROLONDO REYES, SR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Richard P. Meitzler, proceeding *pro se* and *in forma pauperis*, filed this civil action against defendants Rolondo Reyes, Sr. and Andrea Reyes, who do business as "American Bail Bonds." (Doc. No. 1.)  Plaintiff is a pretrial detainee at the Calhoun County Adult Detention Center.  His complaint is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915A.  For the reasons discussed below, the undersigned recommends that the district court DISMISS Plaintiff's action without prejudice for lack of subject matter jurisdiction.  The district court should DENY as moot all other motions filed in this case (Doc. Nos. 3, 4, 5).

### A. *Jurisdiction.*

This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.  He cites a variety of state and federal statutes and several constitutional amendments as the basis for his lawsuit. *See* Doc. No. 1, pp. 1-2.  This Court lacks subject matter jurisdiction, as will be discussed below.

### B. *Plaintiff's allegations.*

Plaintiff alleges that the defendants Rolondo Reyes, Sr. and Andrea Reyes, who do business as "American Bail Bonds," breached his bail bond contract with them by surrendering his bond without justification. (Doc. No. 1, p. 1.) He claims the defendants made false statements in an affidavit filed in Texas' 24th Judicial District Court in a criminal case pending against Plaintiff. These statements were allegedly made in connection with the defendants' surrendering of Plaintiff's appearance bond in that case. *Id.* at 2.[1] Plaintiff claims that the defendants stated that they "felt insecure, which is not a reasonable claim for the surety to surrender [Plaintiff's] bonds. Defendant also stated that he did not have time to attend to [Plaintiff's] court appearances, therefore, surrendered bail bonds." *Id.* Once the defendants surrendered Plaintiff's bond based on these false statements, Plaintiff was arrested. *Id.*

Plaintiff alleges that the defendants' actions breached their bail bond contract with him through

> civil fraud, deceptive trade practice and intentional infliction of emotional distress, "direct grievous loss" of freedom, which resulted in lost profits, medical expenses, lost wages, physical pain and mental suffering, lost financial support of a spouse, lost consortium, property damage, defamation, loss of property ….

(Doc. No. 1, p. 1) (cleaned up). Plaintiff alleges that the defendants violated the following statutes:

> Occupation Code section 1704.207(a),(b),(c), 18 U.S.C. Section 1506, Texas Penal Code Chapter 72, Sec. 72, 72.01, 72.02, 72.03 (Tex. Statutes 2023), Texas Penal Code Chap. 32, Sec. 32, 32.21, 32.22, 32.24, 32.32, 32,52 (Tex Statutes 2023), Texas Penal Code section 15.2 (Tex. Statutes 2023).

---

[1] Section 1704.207 of the Texas Occupations Code describes the process for bond surrender. Plaintiff does not state whether he challenged the surrender of his bond under that provision or by any other means prior to filing this lawsuit. *See* Tex. Occ. Code § 1704.207(b); *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 120 (5th Cir. 2023).

*Id.* (cleaned up). Plaintiff also claims that the defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. *Id.* at 2.

As relief, Plaintiff asks the Court to order the defendants to pay him $5,000, the bail bond premium in his criminal case. (Doc. No. 1, p. 3.) The proposed summons supplied by Plaintiff lists an address for the defendants in Port Lavaca, Texas. (Doc. No. 6.)

### C. *Standard of review for screening.*

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id*. Therefore, the Court "should not dismiss the

claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that the defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Pleadings filed by *pro se* litigants like Plaintiff are construed using a less stringent standard of review. Documents filed by *pro se* litigants are to be liberally construed, and *pro se* complaints, however inartfully drafted they might be, are held to less stringent standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff's well-pleaded factual allegations in the complaint are to be taken as true for purposes of screening, but such deference does not extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019).

### D. *Potential bases for federal jurisdiction.*

Federal courts are courts of limited jurisdiction, and they possess only the power granted to them by the Constitution and statute. *See Nkadi v. Arcon Credit Solutions, LLC*, No. 4:24-cv-00474, 2024 WL 4652828, at *1 (S.D. Tex. Oct. 31, 2024) (Hanen, J.) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). This Court has

original jurisdiction to consider a lawsuit when it is asked to adjudicate a case or controversy at arises under federal question jurisdiction or diversity jurisdiction. *See id.* (citing U.S. Const. art. III § 2; 28 U.S.C. §§ 1331-32). Because of these limitations, a court must examine the basis for its subject matter jurisdiction, even doing so on its own if that issue is not raised by the parties in the case. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

Plaintiff bears the burden of plausibly alleging a federal controversy – that is, that the lawsuit arises under the Constitution, laws or treaties of the United States. *See Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021); 28 U.S.C. § 1331. If Plaintiff fails to do so, then the Court lacks subject matter jurisdiction to decide his claims. *See Ghedi*, 16 F.4th at 463. Merely mentioning a federal statute or constitutional provision in a plaintiff's complaint does not suffice to confer federal jurisdiction. *See Hussey v. Total Environmental Solutions, Inc.*, No. 6:14-cv-2186, 2015 WL 7282073, at *2 (W.D. La. Nov. 16, 2015) (citing *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994)). Meanwhile, a party invoking diversity jurisdiction bears the burden of proving that the lawsuit is between citizens of different states and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

### E. The Court lacks either federal question or diversity jurisdiction.

There is no federal question jurisdiction in this case. Plaintiff is suing only private citizens, and alleges that his constitutional rights were violated. *See* Doc. No. 1, p. 2 (alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights). Plaintiff can only sue state actors, not private individuals or businesses, for violating these constitutional rights. *See United States v. Runyan*, 275 F.3d 449, 457 (5th Cir. 2001) (Fourth Amendment proscribes only "government action"); *Fullilove v. Klutznick*, 448 U.S. 448, 523 n.2 (1980), *overruled on other*

*grounds*, *Adarand Constructors, Inc., v. Pena*, 515 U.S. 200 (1995) (Fifth Amendment limits only the actions of the federal government, while Fourteenth Amendment limits only the actions of states); *Williams v. Lowe's Home Centers, Inc.*, No. 8:23-cv-2095, 2023 WL 11892493, at *2 (M.D. Fla. Sept. 26, 2023) (plaintiff's Eighth Amendment claim against private business was frivolous). Such lawsuits are brought under section 1983 of Title 42, United States Code. A complaint under § 1983 requires that the complained-of conduct was committed by a state actor under color of state law. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Private citizens and businesses are not state actors within the meaning of § 1983. *See Hudson v. Hughes*, 98 F.23d 868, 873 (5th Cir. 1996). Additionally, bail bondsmen are not generally considered state actors for purposes of § 1983 liability. *See Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204 (5th Cir. 1996). Plaintiff therefore fails to allege facts showing that the Court has federal question jurisdiction over his case.

Plaintiff's citation to 18 U.S.C. § 1506 also does not trigger federal question jurisdiction. That law assigns federal criminal penalties for falsifying federal court records or for falsely procuring a bond for an individual without that person's knowledge or consent. That law, however, does not create a private cause of action, and so Plaintiff cannot use it as a basis for a federal lawsuit against the defendants. *See Crain v. City of Selma*, No. SA-16-CA-408-XR, 2016 WL 11187247, at *5 (W.D. Tex. Aug. 22, 2016).

There is likewise no diversity jurisdiction in this case. Even if the amount in controversy exceeded $75,000 (it does not appear to do so, as Plaintiff has requested an award of $5,000),

Plaintiff is a citizen of Texas and so are the defendants. The lawsuit is not between citizens of different states, so there is no diversity jurisdiction under 28 U.S.C. § 1332.[2]

### F. Leave to amend.

Plaintiff is proceeding *pro se*, and ordinarily "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. La. State Univ.–Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2016); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). But leave to amend is not required where amendment would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016). Here, the undersigned recommends denial of leave to amend: Plaintiff does not raise any viable federal question, and his lawsuit involves only Texas citizens. Leave to amend would appear to be futile, but the 14-day period for objecting to this memorandum and recommendation (explained below) will allow Plaintiff the chance to proffer facts, if any, that can cure the jurisdictional deficiencies noted here.

### G. Conclusion and recommendation.

The undersigned recommends that the district court DISMISS Plaintiff's lawsuit for lack of subject matter jurisdiction. The district court should also DENY as moot all pending motions (Doc. Nos. 3, 4, 5).

### H. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate

---

[2] Although in *Jeanty* the Fifth Circuit Court of Appeals reversed a district court's dismissal of a lawsuit for wrongful surrender of a bail bond, that case involved diversity jurisdiction. *See Jeanty*, 72 F.4th at 120. Diversity jurisdiction is lacking here.

Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on November 8, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge